Joseph S. Kistler (3458)
Jacob A. Reynolds (10199)
HUTCHISON & STEFFEN, LLC.
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Phone (702) 385-2500
Fax (702) 385-2086
jkistler@hutchlegal.com
jreynolds@hutchlegal.com

Aaron M. Panner (*pro hac vice* application to be submitted)
Melanie L. Bostwick (*pro hac vice* application to be submitted)
KELLOGG, HUBER, HANSEN, TODD,
   EVANS & FIGEL, P.L.L.C.
1615 M Street NW, Suite 400
Washington, D.C. 20036
Telephone: 202-326-7900
Facsimile: 202-326-7999
apanner@khhte.com
mbostwick@khhte.com

*Attorneys for Plaintiff Gilbert P. Hyatt*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GILBERT P. HYATT, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES PATENT AND TRADEMARK OFFICE and MICHELLE K. LEE IN HER OFFICIAL CAPACITY<br><br>*Defendants*. | Case No: 2:14-cv-00311<br><br>**MOTION TO SEAL AND REDACT COMPLAINT PURSUANT TO FRCP 5.2(d), LR 10-5, AND 35 USC 122** |

**Points and Authorities**

Contemporaneously with the filing of this Motion, Plaintiff Gilbert P. Hyatt is filing a complaint (the "Complaint") against the United States Patent and Trademark Office ("PTO") and Michelle K. Lee in her official capacity (collectively, "Defendants") regarding certain patent applications filed with the PTO. Pursuant to FRCP 5.2(d), LR 10-5, and 35 USC 122, Mr. Hyatt

1

files this accompanying motion to file the Complaint and Exhibits attached to the Complaint under seal. Mr. Hyatt has also attached a public version of the Complaint and Exhibits, pursuant to FRCP 5.2(d), with all confidential information redacted (the "Public Complaint"). *See* Exhibit A attached hereto.[1] Mr. Hyatt requests that the Complaint and Exhibits be sealed permanently.

The U.S. District Court for the Eastern District of Virginia has already granted a similar request in a different case involving the same parties. *See* Exhibit B attached hereto (order from the U.S. District Court, Eastern District of Virginia, sealing the complaint and exhibits). After the order granting the motion to seal in that court was entered, the PTO stipulated to keeping the sensitive information under seal, given the concerns at issue. *See* Exhibit C attached hereto (stipulated protective order).

The Court should grant the motion to seal and redact for the reasons stated herein.

**1.   Background.**

Mr. Hyatt is an inventor with 75 issued patents and additional patent applications pending before the PTO. In the Complaint, Mr. Hyatt seeks declaratory relief and an injunction requiring the PTO to issue final decisions on certain patent applications, each of which has been pending for nearly two decades or longer.

The Patent Act provides, with exceptions not applicable here, that "applications for patents shall be kept in confidence by the Patent and Trademark Office and no information concerning the same given without authority of the applicant or owner." 35 U.S.C. § 122(a). The Complaint necessarily includes information about Mr. Hyatt's patent applications that is confidential pursuant to Section 122; Mr. Hyatt seeks to protect that information from public disclosure. Confidential

---

[1] Exhibits 2 and 3 of the Complaint required no redaction but are filed under seal given the Court's electronic filing procedures. As stated herein, and as shown in the Public Complaint, Section 122 only requires redactions to the Complaint and Exhibit 1.

information in the Complaint and Exhibits, which is redacted in the Public Complaint (attached hereto as Exhibit A), includes:

- The number of Mr. Hyatt's petitions and the PTO's suspensions;
- Dates of filings related to Mr. Hyatt's patent applications; and
- Descriptions of the timing and process of Mr. Hyatt's pursuit of his patent applications.

Most of the information in the Complaint is public information; the redactions of confidential information in the Complaint itself are minimal. The Complaint has three exhibits, two of which (Exhibits 2 and 3) contain no confidential information. Exhibit 1 to the Complaint is an exhibit listing specific confidential information from the relevant patent applications and includes information concerning the PTO's delays. The dates in Exhibit 1 are confidential under Section 122, and are redacted in the public version of the Complaint.

## 2. Argument.

This Court should grant Mr. Hyatt's motion to seal the Complaint and Exhibits because his interest in maintaining the confidentiality of specific information concerning his pending patent applications – a right conferred by Congress in Section 122 – justifies whatever limitation such an order places on public access to judicial proceedings. Mr. Hyatt brings this action because, as the Complaint alleges, the PTO has unreasonably withheld final action on the pending applications that are the subject of this lawsuit. To articulate his claims, Mr. Hyatt must include some information that is confidential pursuant to Section 122. Mr. Hyatt should not be forced to give up his statutory right to confidentiality as a condition for seeking relief from allegedly unlawful agency action. At the same time, Mr. Hyatt's proposed redactions are narrowly tailored to ensure that the public is fully informed concerning the nature of and basis for his claims.

"The right of access [to court filings] is grounded in the First Amendment and in common law, and extends to documents filed in pretrial proceedings as well as in the trial itself." *CBS, Inc. v. U.S. Dist. Court*, 765 F.2d 823, 825 (9th Cir. 1985) (citations omitted). Not all judicial records are presumptively accessible, however: there are "categories of documents and records which have 'traditionally been kept secret for important policy reasons.'" *Krause v. Nevada Mut. Ins. Co.*, No. 13-cv-0976, 2013 WL 3776416, at *2 (D. Nev. July 16, 2013) (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). For documents not in one of those categories, the Ninth Circuit "start[s] with a strong presumption in favor of access to court records," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)); nevertheless, the right of "access to judicial records is not absolute," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "A party seeking to seal a judicial record . . . bears the burden of . . . meeting the 'compelling reasons'" that "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79.[2]

Mr. Hyatt satisfies the standard for filing under seal for three reasons. *First*, because patent applications are confidential as a matter of statute, they are documents "traditionally . . . kept secret" as to which no presumption of access applies. *See Foltz*, 331 F.3d at 1134 (citing *Hagestad*, 49 F.3d at 1434); *Times Mirror*, 873 F.2d at 1219. *Second*, to the extent the ordinary presumption in favor of access applies, Mr. Hyatt's interest in maintaining the confidentiality of information concerning his

---

[2] The decision whether to restrict access to judicial records "is one 'best left to the sound discretion of the [district] court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *Virginia Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)) (alteration in original). The district court's analysis of the compelling reasons justifying sealing of a judicial record is accordingly reviewed for abuse of discretion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010).

patent applications while seeking judicial relief for allegedly unlawful agency inaction constitutes a compelling reason for granting relief.  *Third*, to the extent First Amendment concerns are implicated, the relief Mr. Hyatt seeks – redaction of statutorily protected confidential information only – is narrowly tailored to address the overriding confidentiality interest at stake.

**A.     Because 35 U.S.C. § 122 Provides for the Confidentiality of Patent Applications, the Presumption of Public Access Does Not Apply**

**1.**     This Court should grant the motion to file under seal because information concerning a pending patent application is the type of information that is "traditionally . . . kept secret for important policy reasons." *Times Mirror*, 873 F.2d at 1219.  Section 122 of the Patent Act expressly protects the confidentiality of Exhibit 1 and the few redacted portions of the Complaint from public disclosure.  Section 122 provides: "applications for patents *shall be kept in confidence* by the Patent and Trademark Office *and no information concerning the same given without authority of the applicant or owner unless necessary* to carry out the provisions of an Act of Congress or in such special circumstances as may be determined by the Director." 35 U.S.C. § 122(a) (emphases added).[3]  When a party has a cognizable claim to confidentiality, from whatever source, that right trumps the public interest in access and warrants sealing. *See United States ex rel. Carter v. Halliburton Co.*, No. 1:10-cv-864 (JCC/TCB), 2011 U.S. Dist. LEXIS 55623, at *7-8 (E.D. Va. May 24, 2011) (protective order); *Lonesource, Inc. v. United Stationers Supply Co.*, No. 5:11-CV-00033-D, 2013 U.S. Dist. LEXIS 735, at *3-4 (E.D.N.C. Jan. 3, 2013) (contract).

The majority of Exhibit 1 to the Complaint is protected as confidential under Section 122.  Section 122 "unambiguously provides that applications for patents shall be kept in confidence by the PTO, and that *no information concerning the same shall be disclosed*." *Irons v. Diamond*, 670 F.2d

---

[3] Information concerning patent applications is analogous to "trade secret[ ]" information that is often maintained under seal to avoid business harm. *See Kamakana*, 447 F.3d at 1179.

265, 268 (D.C. Cir. 1981) (emphasis added).  PTO decisions relating to confidential patent applications that include information about those applications cannot be disclosed.  *See Irons & Sears v. Dann*, 606 F.2d 1215, 1221-22 (D.C. Cir. 1979).  Likewise, a document that the applicant submits related to his patent application is confidential.  *See Misegades & Douglas v. Schuyler*, 328 F. Supp. 619, 620 (E.D. Va. 1971), *dismissed as moot*, 456 F.2d 255 (4th Cir. 1972) (per curiam)[4] (Section 122's protection "includes all pertinent information given the patent examiner by the inventor or his attorney pending the granting, denial or abandonment of his application").  The great majority of Exhibit 1 and the minimal redactions in the Complaint are therefore protected by Section 122, and whatever can be disclosed without waiving the protections of Section 122 is shown in the Public Complaint.  *See Halliburton*, 2011 U.S. Dist. LEXIS 55623, at *8 ("[T]here is no less drastic alternative to sealing the document, such as redaction, as the entirety of the document is confidential per the Protective Order.").

Relief is thus also warranted under LR 10-5, which specifically provides for documents to be filed under seal where "permitted by statute."  Given Section 122's broad language protecting the confidentiality of this information, the Court should interpret Section 122 to satisfy the requirements of LR 10-5, thereby allowing the Complaint and the accompanying Exhibits to be filed under seal as a matter of statutory authority, and allowing the Public Complaint to be filed pursuant to FRCP 5.2(d).

---

[4] The Fourth Circuit dismissed the case as moot because the patent application was approved during the pendency of the appeal, and the disputed document became public.

6

**2.** Although the confidentiality rights granted in Section 122 most clearly apply against the PTO, they are not so limited: Section 122 broadly states that "no information" regarding a patent application may be "given without authority of the applicant or owner" – indicating that Congress intended to give patent applicants a general right to maintain their applications in confidence.

Moreover, the fact that the confidential information is included in a complaint seeking relief from unlawful agency inaction provides an additional reason to ensure that the confidentiality of the information is maintained. Effective access to the courts is a constitutional right. *See Tennessee v. Lane*, 541 U.S. 509, 523 (2004). If a patent applicant were forced to reveal confidential information as a condition of filing a civil action against the PTO, an applicant's ability to vindicate rights under the Patent Act would be seriously constrained.

**B.     The Common Law Right of Public Access to Court Documents Does Not Require Public Access to Portions of the Complaint and Exhibits**

For closely related reasons, even if the presumption of access applies in this case, Mr. Hyatt has satisfied his burden of showing "compelling reasons," *Foltz*, 331 F.3d at 1135, for maintaining confidential information concerning his pending patent applications under seal during the pendency of this action. Congress has articulated the overriding public policy favoring protection of this information in Section 122. Section 122 outweighs whatever interest the public has in viewing the information that has been redacted from the Complaint and the Exhibit. And that is particularly true in this case, where the information that is included in the public version of the Complaint provides a detailed explanation of Mr. Hyatt's claims and the basis for them.

////

////

////

////

7

**C.    The First Amendment Right of Public Access to Court Documents Does Not Require Public Access to Portions of the Complaint and the Affected Exhibit**

To the extent First Amendment standards are relevant, Mr. Hyatt satisfies them as well.[5] The First Amendment framework requires the Court to "carefully balance [competing] interests." *Phoenix Newspapers, Inc. v. U.S. Dist. Court*, 156 F.3d 940, 949 (9th Cir. 1998). The Constitutional right of access "can be overcome only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publ'g Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). Congress, by enacting Section 122, has already made the determination that confidentiality of patent applications serves an important interest in the patent system.

Mr. Hyatt has filed a redacted, public version of the Complaint and seeks to preserve the confidentiality of only that information that is protected under statute; sealing of the unredacted complaint is thus "'narrowly tailored to serve'" the relevant interests. *Oregonian Publ'g Co.*, 920 F.2d at 1465 (quoting *Press-Enter. Co.*, 464 U.S. at 510). Where a document contains some confidential information, and a party files a redacted version that will be publicly available, sealing is appropriate, and no less drastic alternative is adequate. *SMD Software, Inc. v. Emove, Inc.*, No. 5:08-cv-403-FL, 2013 U.S. Dist. LEXIS 35970, at *2 (E.D.N.C. Mar. 15, 2013) ("The risk of harm

---

[5] It is not clear that the First Amendment framework applies in the case of access to a complaint, as opposed to (for example) summary judgment filings and criminal trial proceedings. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). In a decision that was later affirmed by the Fourth Circuit, the U.S. District Court, Eastern District of Virginia held that the First Amendment right of access did not apply to a sealed complaint, in contrast to summary judgment materials, because "[i]n federal civil procedure, a summary judgment motion is the only motion that can 'serve as substitute for trial' because it is the only motion where a court may consider evidence." *ACLU v. Holder*, 652 F. Supp. 2d 654, 661 (E.D. Va. 2009) (quoting *Rushford*, 846 F.2d at 253), *aff'd*, 673 F.3d 245 (4th Cir. 2011). The Ninth Circuit has stated that it would "follow the lead of the Fourth Circuit [in *Rushford*]." *Foltz*, 331 F.3d at 1135-36. Under *Rushford* and *Foltz*, the common law rather than the First Amendment applies to the requested sealing here.

8

outweighs any public right to access and, where plaintiffs have already filed redacted versions of all of these documents, the alternatives to sealing are inadequate.").

## 3. Conclusion.

WHEREFORE, Plaintiff Gilbert P. Hyatt respectfully requests that the Court enter an order permanently sealing his Complaint and Exhibits to the Complaint and allow him to file the Public Complaint attached hereto as Exhibit A with appropriate redactions.

Dated this 27th day of February, 2014.

/s/ Joseph S. Kistler
Joseph S. Kistler (3458)
Jacob A. Reynolds (10199)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145

Aaron M. Panner (*pro hac vice* application to be submitted)
Melanie L. Bostwick (*pro hac vice* application to be submitted)
KELLOGG, HUBER, HANSEN, TODD,
   EVANS & FIGEL, P.L.L.C.
1615 M Street NW, Suite 400
Washington, D.C. 20036
Telephone: 202-326-7900
Facsimile: 202-326-7999
apanner@khhte.com
mbostwick@khhte.com

*Attorneys for Plaintiff Gilbert P. Hyatt*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of HUTCHISON & STEFFEN, LLC and that on this 27th day of February, 2014, I caused the above and foregoing document entitled **MOTION TO SEAL AND REDACT COMPLAINT PURSUANT TO FRCP 5.2(d), LR 10-5, AND 35 USC 122** to be served electronically by the court to all attorneys or parties on the Service List of the above-entitled matter through CM/ECF pursuant to LR 5-4 and/or:

☒ by placing same to be deposited for mailing in the United States Mail, Certified Mail, Return Receipt Requested, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

☐ to be served via facsimile; and/or

☐ through CM/ECF and the court's electronic filing system; and/or

☐ to be hand-delivered;

Director of the U.S. Patent and
 Trademark Office
2051 Jamieson Avenue, Suite 300
Alexandria, VA 22313-1450
*Via Certified Mail,*
*Return Receipt Requested*

U.S. Patent and Trademark Office
2051 Jamieson Avenue, Suite 300
Alexandria, VA 22313-1450
*Via Certified Mail,*
*Return Receipt Requested*

Eric H. Holder, Jr.
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
*Via Certified Mail,*
*Return Receipt Requested*

Daniel G. Bogden
U.S. Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, NV 89101
*Via Hand Delivery*

/s/ Bobbie Benitez Pereira
An employee of Hutchison & Steffen, LLC